UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NICHOLAS DEON LANIER,

        Plaintiff,

v.

WILLIE O. SMITH et al.,

        Defendants.

_____/

Case No. 1:17-cv-925

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Willie O. Smith, John Christiansen, and Jeffrey Luther for failure to state a claim.

**Discussion**

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. The events about which he

complains occurred at that facility. Plaintiff sues Warden Willie O. Smith, Deputy Warden John Christiansen, and Prison Counselor Jeffrey Luther.

Plaintiff alleges that on October 10, 2017, Defendants Smith and Christiansen authorized the use of chemical agents. It does not appear that Defendants Smith and Christiansen actually authorized the use of chemical agents on Plaintiff; however, Plaintiff does not identify the prisoner whose actions resulted in the authorization. "Unknown officers" used excessive force when they sprayed the chemical agents. Plaintiff claims that because of poor ventilation in his unit, he was forced to sit in his cell barely able to breath because of the residual chemical spray. Plaintiff notes that his particular susceptibility to breathing difficulties are documented in his medical file. Finally, Plaintiff contends that Prison Counselor Luther failed to have his staff turn off the ventilation system prior to deployment of the chemical agents.

Plaintiff contends he has suffered cruel and unusual punishment because of the chemical spray incident. Plaintiff seeks damages in the amount of $80,000 to $60,000,000.00.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore

3

prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346. An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4).

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by

knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

The Sixth Circuit repeatedly has found that the use of chemical agents does not constitute cruel and unusual punishment if reasonably necessary to subdue recalcitrant prisoners.[1] But, Plaintiff does not bring this action as the intended target of the chemical spray. Apparently, he was just a bystander who suffered the effects of the chemical agent because of an inadequate ventilation system. In extreme circumstances, courts have found that inadequate ventilation may result in a sufficiently serious risk to prisoner safety under the Eighth Amendment. *See, e.g., White v. Monohan*, 326 F. App'x 385 (7th Cir. 2009) (reversing district court dismissal of claim alleging

---

[1] *See, e.g., Brown v. Perez,* No. 16-2558, 2017 WL 3378994, at *2 (6th Cir. Apr. 17, 2017) ("We have found that the use of a chemical agent does not constitute malicious or sadistic punishment in violation of the Eighth Amendment if its use is reasonably necessary to subdue a noncompliant prisoner."); *Jennings v. Peiffer*, 110 F. App'x 643, 646 (6th Cir. 2004) (affirming grant of summary judgment to defendant officer because he did not act maliciously or sadistically in spraying a chemical agent to secure prisoner-plaintiff's compliance with an order); *Davis v. Agosto*, 89 F. App'x 523 (6th Cir. 2004) (Prison officials did not violate inmate's Eighth Amendment rights by spraying mace into his cell after inmate refused officer's order to place his hands next to tray slot so that he could be handcuffed); *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (affirming summary judgment in favor of prison official and noting "that the use of mace to control a prison inmate is not malicious or sadistic"); *Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at *2 (6th Cir. Sept. 27, 2000) (officers did not violate the Eighth Amendment when prisoner "refused to remove his arm from his food slot[,] refused to allow officers to place him in soft restraints[, and was] given several opportunities to comply with the officers' orders before chemical agents were used"); *Thomas v. Greene*, No. 99-3179, 1999 WL 1253102, at *1 (6th Cir. Dec. 17, 1999) (officer did not violate the Eighth Amendment when prisoner was "threatening and uncooperative . . . and [the officer] did not use more force than was necessary to cause [the prisoner] to comply with his requests").

5

that inadequate ventilation permitted temperatures to reach 110 degrees during the summer months); *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004) (finding that the Eighth Amendment was violated by a ventilation system that allowed summer temperatures to average in the 90s, unless prison officials took measures to ameliorate the heat by providing fans, ice water and daily showers); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir. 1996) (allowing a prisoner's claim that his cell was "[s]aturated with the [f]umes of [f]eces (thrown by some inmates), the smell of urine and vomit as well as other stale body odors" to proceed).

Plaintiff's allegations may suffice to demonstrate a sufficiently serious risk to his health or safety. They fall short, however, with regard to the culpable states of mind of his three Defendants. With respect to Defendants Smith and Christiansen, Plaintiff alleges only that they authorized the use of chemical agents. The mere authorization of the use of chemical agents against a noncompliant prisoner does not, of necessity, carry with it knowledge that there is an excessive risk to Plaintiff's safety. Plaintiff fails to allege facts that show that any Defendant was aware of facts that would permit the inference that Plaintiff would be subjected to an excessive risk of harm. Nor does Plaintiff allege that any of the Defendants actually drew the inference, realized the risk, but proceeded anyway. At best, Plaintiff's allegations might support a claim that Defendants acted negligently. That is not a sufficiently culpable state of mind to support an Eighth Amendment violation.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     November 8, 2017              /s/ Robert J. Jonker
                                         Robert J. Jonker
                                         Chief United States District Judge